FILED *Rec'd*
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. *8/2/14*

★ AUG 0 1 2011 ★ *(su)*

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILFREDO CRUZ,

                    Plaintiff,

    - against -

PS1 CONTEMPORARY ART CENTER,

                    Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-4899 (RRM)(JMA)

**MAUSKOPF, United States District Judge.**

Plaintiff *pro se* Wilfredo Cruz ("plaintiff") brings this action against defendant PS1

Contemporary Art Center ("defendant"), alleging discrimination in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human

Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 209 *et seq.*, and the New York City Human

Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107 *et seq.* Defendant moves to dismiss

plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion to

dismiss is GRANTED in its entirety.

## BACKGROUND[1]

Plaintiff was previously employed by the PS1 Contemporary Art Center in an

undisclosed capacity. (Compl. (Doc. No. 1) ¶ 8.) The exact dates of plaintiff's employment with

defendant are not apparent from the complaint. Plaintiff alleges that defendant discriminated

---

[1] The facts pertinent to this motion are drawn primarily from the complaint, and are taken as true for purposes of this motion. In the context of a motion to dismiss, however, this Court may also consider documents attached to the complaint or incorporated by reference, as well as matters of which courts can take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Vasquez v. City of N.Y.*, No. 99-CV-4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3 n.1 (S.D.N.Y. June 29, 2000) (explaining that it "is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)" (citations and internal quotation marks omitted)).

against him on the basis of his actual or perceived sexual orientation. (*Id.* ¶¶ 4, 8.) Specifically, plaintiff claims that defendant "fired [him] because [his] supervisor alleged [he] was gay." (*Id.* ¶ 4) Plaintiff also asserts that his supervisor, Sixto Figueroa, fired him and stated that plaintiff is "a homosexual and that homosexuals do not work at PS1." (*Id.* ¶ 8.) Plaintiff's complaint contains no additional information.

In March 2009, plaintiff filed a charge of employment discrimination the New York State Division of Human Rights or the New York City Commission on Human Rights. (*Id.* ¶ 9.) Plaintiff then filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* Ex. A.) On July 29, 2010, the EEOC issued plaintiff a Dismissal and Notice of Rights letter, adopting the findings of the state or local fair employment practices agency that investigated the charge. (*Id.*) Plaintiff filed the instant action on October 22, 2010. On April 6, 2011, defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff has not opposed this motion.[2]

## DISCUSSION

### 1. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] As required by Local Civil Rule 12.1, defendant expressly informed plaintiff that this Court might dismiss his claims were he not to oppose defendant's motion. (*See* Doc. No. 12-1.)

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court rejected the notion that there is a heightened pleading standard in discrimination cases, holding that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under the standard set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). 534 U.S. 506, 510 (2002) ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71–72 (2d Cir. 2006) (applying *Swierkiewicz* to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* to discrimination claims under Title VII).

Moreover, the Second Circuit has held that the framework articulated in *Swierkiewicz* for analyzing whether a plausible claim for discrimination has been pleaded remains viable in the wake of *Twombly* and *Iqbal*. *See, e.g., Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) ("[A]lthough *Twombly* and *Iqbal* require factual amplification [where] needed to render a claim plausible, we reject [appellant's] contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible." (internal quotations and citations omitted)); *Boykin v. Key Corp.*, 521 F.3d 202, 213 (2d Cir. 2008) (noting that *Twombly* "affirmed the vitality of *Swierkiewicz,* which applied a notice pleading standard, and explained that its decision did not 'require heightened fact pleading of specifics'"); *Gillman v. Inner City Broad. Corp.*, No. 08-CV-8909(LAP), 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009) ("*Iqbal* was not meant to displace *Swierkiewicz*'s teachings about pleading standards for employment discrimination claims because in *Twombly*, which heavily informed *Iqbal*, the Supreme Court explicitly affirmed the vitality of *Swierkiewicz.*"); *accord E.E.O.C. v. Propak Logistics, Inc.*, No. 09-CV-311, 2010 WL 3081339, at *5 (W.D.N.C. Aug. 6, 2010) ("[E]ven after *Twombly*, an employment discrimination plaintiff is not required to plead specific facts but may rely on notice pleading requirements." (citing *Boykin*, 521 F.3d at 212–15)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin*, 521 F.3d at 213–14 (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments

that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal

quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading

requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v.*

*Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted); *see also Johnson v. City of N.Y.*, 669

F. Supp. 2d 444, 448 (S.D.N.Y. 2009) ("[T]o survive a motion to dismiss, even a *pro se* plaintiff

must plead enough facts to state a claim to relief that is plausible on its face." (citation and

internal quotation marks omitted)).

    2. Discrimination Claims

    To establish a prima facie case of employment discrimination under Title VII, a plaintiff

must show that "(1) he is a member of a protected class; (2) he was qualified for the position he

held; (3) he suffered an adverse employment action; and (4) the adverse action took place under

circumstances giving rise to an inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d

486, 492 (2d Cir. 2010).

    Here, plaintiff's Title VII claim fails "because the statute does not recognize

homosexuals as a protected class." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 218 (2d Cir.

2005) (affirming summary judgment for employer because discrimination based on sexual

orientation is not actionable under Title VII); *see also Simonton v. Runyon*, 232 F.3d 33, 35 (2d

Cir. 2000) ("The law is well-settled in this circuit and in all others to have reached the question

that . . . Title VII does not prohibit harassment or discrimination because of sexual orientation.").

Plaintiff alleges that defendant "fired [him] because [his] supervisor alleged [he] was gay," and

that his supervisor alleged that he was "a homosexual and that homosexuals do not work at PS1."

(Compl. ¶¶ 4, 8.) Because plaintiff's allegations of discrimination are based solely on sexual

orientation discrimination, his Title VII claim must be dismissed. *See Johnson v. N.Y. State Ins.*

*Fund*, No. 04-CV-4681 (LBS), 2005 U.S. Dist. LEXIS 12988, at *4–5 (S.D.N.Y. June 29, 2005)

(granting defendant's motion to dismiss plaintiff's *pro se* Title VII claim based on actual or perceived sexual orientation).

Unlike Title VII, both the NYSHRL and the NYCHRL protect against discrimination on the basis of actual or perceived sexual orientation. *See Dawson*, 398 F.3d at 224.[3] Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state and city claims after the dismissal of all claims over which it had original jurisdiction. At this early stage of litigation, and to the extent that plaintiff seeks to bring them, state and city claims are more appropriately determined in a state forum due to interests of comity and efficiency. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("When, as in this case, a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors – judicial economy, convenience, fairness, and comity." (citation omitted)); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (where "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims" (citations omitted)); *Beachum v. AWISCO N.Y. & Local 810*, No. 09-CV-7399 (RJS), 2011 U.S. Dist. LEXIS 28856, at *45 (Mar. 16, 2011) (federal district courts in New York "routinely decline to exercise supplemental jurisdiction over

---

[3] Although plaintiff's complaint does not specifically state that bringing claims under NYSHRL and NYCHRL for employment discrimination, this Court must construe plaintiff's *pro se* complaint liberally, and interpret it "to raise the strongest arguments that [it] suggest[s]." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (citation and internal quotation marks omitted); *see also Crossman v. Crosson*, No. 95-CV-9215, 1996 U.S. App. LEXIS 11339, at *4–5 (2d Cir. May 15, 1996) (explaining that "even where a *pro se* plaintiff confuses various legal theories, it may be appropriate for the court to scrutinize the complaint to determine whether the facts alleged would support a different theory, or to permit a plaintiff to amend his complaint to plead missing elements" (citations omitted)). Moreover, NYSHRL and NYCHRL claims are subject to the same analytical framework as Title VII claims. *Dawson*, 398 F.3d at 217. Finally, the Court notes that plaintiff's complaint states that he filed a charge of employment discrimination with the New York State Division of Human Rights or the New York City Commission on Human Rights. (Compl. ¶ 9.)

a plaintiff's NYCHRL claims after dismissing all federal claims" (collecting cases)). Therefore, the Court dismisses plaintiff's remaining state law claims without prejudice.

### 3. Leave to Amend

A district court should provide a *pro se* plaintiff "every reasonable opportunity to demonstrate that he has a valid claim," particularly where he alleges a civil rights violation. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). However, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice" (citation omitted)). Here, plaintiff's complaint is entirely devoid of facts to support a Title VII claim. Even presuming that Plaintiff is able to augment his bare bones complaint with additional facts, the thrust of his claim is sexual orientation discrimination, which is not cognizable under Title VII. Accordingly, the Court dismisses plaintiff's complaint without leave to amend because any such amendment would be futile.

## CONCLUSION

Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) (Doc. No. 12) is GRANTED in its entirety. Accordingly, plaintiff's complaint is DISMISSED without prejudice to his filing claims for sexual orientation discrimination in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff *pro se*, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      August 1, 2011

/S/

_____ /
ROSLYNN R. MAUSKOPF
United States District Judge